# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Tyrone B. Hill,

      Plaintiff,

v.

Marty C. Anderson,
Orlando Maldonado,
Tammy Matzke,

      Defendants.

Civil No. 06-4497 (PJS/JJG)

**REPORT**
**AND**
**RECOMMENDATION**

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on the defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 19). Plaintiff Tyrone Hill is proceeding on his own behalf. Defendants Marty Anderson, Orlando Maldonado, and Tammy Matzke are represented by Perry F. Sekus, Assistant U.S. Attorney.[1] The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

In this litigation, Mr. Hill (Hill) alleges the defendants mistreated him in connection with his imprisonment at the federal prison hospital in Rochester. Pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), Hill seeks to hold the defendants liable for violations of the Eighth Amendment.

Rather than answering Hill's complaint, the defendants brought their current motion to dismiss, or in the alternative, for summary judgment. With their motion, the defendants submit

---

[1] Mr. Sekus appears on the brief. He has since departed the U.S. Attorney's Office for other professional opportunities. The defendants are now represented by David W. Fuller, Assistant U.S. Attorney.

several affidavits addressing Hill's claims.  Hill has filed a memorandum against the motion and contemporaneously filed a motion to amend his complaint.  No proposed amended complaint is included with these papers.

## A.      Sovereign Immunity

The defendants initially claim the doctrine of sovereign immunity bars the action against them.  In his complaint, Hill has not specified whether he brings action against the defendants in their official or individual capacity.  Because this specification is missing, the defendants argue, the action must be treated as a claim against them in their official capacity.  As a claim against a federal employee in his or her official capacity is deemed an action against the United States, and as the United States has not waived sovereign immunity to *Bivens* claims, the defendants assert sovereign immunity here.

Federal sovereign immunity deprives a court of subject matter jurisdiction.  *See Riley v. United States*, 486 F.3d 1030, 1031-32 (8th Cir. 2007).  The defendants thus bring their argument under Rule 12(b)(1), which provides for dismissal for lack of subject matter jurisdiction.  When this motion is based on deficiencies in the complaint—commonly described as a facial challenge to subject matter jurisdiction—a court only examines the allegations in the complaint, which are taken with all reasonable inferences for the plaintiff.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

The defendants' argument is premised on the rule that, where a plaintiff fails to specify in the complaint whether suit proceeds against a government employee in an official or individual capacity, the complaint is assumed to refer solely to official capacity.  This rule is derived from Eighth Circuit cases regarding the sovereign immunity of states under the Eleventh Amendment.

*See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

Other Eighth Circuit cases have held that, where a *Bivens* claim is brought against federal employees in their official capacity, the real party is the United States and so sovereign immunity attaches. But none adopt the rule from the state sovereign immunity cases, that the absence of capacity allegations means official capacity only. *See Searcy v. Donelson*, 204 F.3d 797, 798 (8th Cir. 2000); *Buford v. Runyon*, 160 F.3d 1199, 1201 (8th Cir. 1998); *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994).

There are several reasons that the rule should not be applied here. One is that *Egerdahl*, among other cases, recognizes a plaintiff should have an opportunity to cure technical defects when pleading subject matter jurisdiction. 72 F.3d at 619-20; *see also Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 289-90 (8th Cir. 1998). It is questionable whether the subject matter jurisdiction of this Court should hinge on a technical error, especially where a pro se plaintiff has yet to fully litigate a motion to amend.

A related concern is, in state sovereign immunity cases, application of the rule ordinarily did not deprive the court of all subject matter jurisdiction. The difference is that, when applying sovereign immunity to states under the Eleventh Amendment, the immunity is limited to claims for damages and it does not foreclose injunctive relief. It is for this reason—because there may be legal relief against a person in an individual capacity, and equitable relief against a person in an official capacity—that specification of capacity becomes important. *See Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). And when the official-capacity presumption is applied in this context, it ordinarily does not prevent consideration of the merits. *Larson*, 414 F.3d at 939-40; *Trevelen v. Univ. of Minnesota*, 73 F.3d 816, 818 (8th Cir. 1996).

By comparison, a *Bivens* claim does not permit relief against a government employee in an official capacity.  The only relief is for damages from the employee in an individual capacity.  The rationale is, when an individual government employee violates the constitution, that person necessarily exceeds the scope of those acts lawfully authorized by the government.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 396-97 (1971).  So where the plaintiff prevails on a *Bivens* claim, the judgment is paid by the employee personally, not the United States.  *Cf. Hartje v. Federal Trade Comm'n*, 106 F.3d 1406, 1408 (8th Cir. 1997).

As the doctrine is usually formulated, sovereign immunity attaches where the judgment will affect the public treasury or otherwise interfere with the government's ability to act.  *Dugan v. Rank*, 273 U.S. 609, 620 (1963).  Because a proper *Bivens* claim can only involve the personal liability of a government employee, sovereign immunity cannot attach.

This rule necessarily means there is never a *Bivens* claim against a government employee in an official capacity.  The only way the claim can proceed is against a government employee in an individual capacity. [2]  So it makes no sense to require a plaintiff to specify whether a *Bivens* claim is proceeding against a government employee in an official or an individual capacity.  The application of an official-capacity presumption would make a *Bivens* complaint defective for failure to mention a futile theory of recovery.  This approach is misguided, and it certainly does not comport with the rule that courts liberally examine the allegations in a pro se complaint.  *See Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

---

[2] There are some contradictions involved when concepts of official or individual capacity are used to describe a *Bivens* claim.  By definition, a *Bivens* claim occurs when a federal employee commits unconstitutional acts in the course of employment.  Because the wrongdoing occurs under color of federal law, it might be characterized as an official act, albeit one that is ultra vires.  But as this analysis indicates, liability for a *Bivens* claim is borne by the individual employee, not by the United States.  For this reason, a *Bivens* claim is most accurately described as one against a federal employee in an individual capacity.  *Cf. Hartje*, 106 F.3d at 1408.

As noted beforehand, the Eighth Circuit has consistently rejected *Bivens* claims against a government employee in an official capacity.  Two of these cases involved pro se plaintiffs who, after correctly noting a *Bivens* claim is much like one under 42 U.S.C. § 1983, may have thought it prudent to plead both official and individual capacities.  *See Searcy*, 204 F.3d at 798; *Phelps*, 15 F.3d at 737.  But nothing in these cases suggests a plaintiff would *ever* have a viable *Bivens* claim against a government employee in an official capacity.  *See Buford*, 160 F.3d at 1203.  For this reason, these cases are entirely consistent with the preceding analysis.

Because the official-capacity presumption cannot apply to *Bivens* claims, the defendants' challenge to subject matter jurisdiction fails.  Setting their challenge aside, it is well established that *Bivens* claims fall within federal question jurisdiction, and so subject matter jurisdiction is satisfied.  28 U.S.C. § 1331; *Duffy v. Wolle*, 123 F.3d 1026, 1033 (8th Cir. 1997).

This Court accordingly reaches the merits of the claims against the defendants.  Because each defendant poses different concerns that require independent analysis, the remainder of this report considers the position of each defendant separately.

**B.      Marty Anderson**

Marty Anderson is the warden at the prison hospital.  Hill claims, in his complaint, that Mr. Anderson (Anderson) violated the Eighth Amendment by failing to protect him from sexual assaults.  The complaint lacks allegations that further explain why Anderson may be liable.

In the motion to dismiss, Anderson argues that he cannot be held vicariously liable for the constitutional violations of his subordinates.  Being advised of this argument, Hill concedes his claim against Anderson and agrees that dismissal is appropriate.  (Exh. 1 at 10.) [3]

---

[3] Exhibits are cited in an appendix at the end of this report and recommendation.

Because Hill is not contesting dismissal of his claim against Anderson, this Court need not devote much discussion to the appropriate standard of review. And it is plain that Anderson has support for his position.

It is well established that, for a *Bivens* claim, a supervisor cannot be liable for the acts of a subordinate simply because of the relationship between them. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006).[4] Where a prisoner alleges that a warden has not adequately supervised staff, but does not allege particular facts showing deliberate indifference or tacit authorization of constitutional violations, the prisoner has no cause for relief against the warden. *See Ambrose v. Young*, 474 F.3d 1070, 1079 (8th Cir. 2007); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002). The record lacks any indication that Anderson might be liable for these reasons, and as a result, the claim against him is properly dismissed.

## C.      Orlando Maldonado

### 1.      Introduction

Orlando Maldonado is a staff psychiatrist at the prison hospital. Hill contends that Dr. Maldonado (Maldonado) disregarded his serious medical needs, by failing to prescribe particular medications, after he was sexually assaulted on July 3, 2006.

In the motion to dismiss, Maldonado briefly raises an issue about whether Hill properly exhausted his administrative remedies, which may bar this litigation under the Prison Litigation Reform Act (PLRA). Regarding the merits of Hill's claim, Maldonado argues that his treatment was reasonable and so he should receive qualified immunity from the claim. For both of these arguments, Maldonado relies on affidavits and supporting exhibits.

---

[4] This case, and most of those to be cited, involves a claim under 42 U.S.C. § 1983 rather than *Bivens*. Because these claims are similar and the same analysis often applies to both, it is not usually necessary to distinguish them. *Gordon v. Hansen*, 186 F.3d 1109, 1113 (8th Cir. 2000).

On a motion to dismiss for failure to state a claim, a court is limited to consideration of the allegations in the complaint. *See Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). If the parties present matters outside the complaint, a court then has discretion to convert the motion from one to dismiss into one for summary judgment. *See Casazza v. Kiser*, 313 F.3d 414, 417-18 (8th Cir. 2002). When deciding whether to exercise this discretion, a court looks at whether the nonmoving party has an adequate opportunity to respond and make a record against summary judgment. *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

In his supporting papers, Maldonado recites the rule and standard for summary judgment, and he presents matters outside the complaint. Hill has ample notice that Maldonado is seeking summary judgment and a meaningful opportunity to present a record opposing it. Although Hill contends that he requires further discovery, it does not appear that such discovery will materially aid his opposition to summary judgment. For these reasons, it is appropriate that Maldonado's motion be converted into one for summary judgment.

A party is entitled to summary judgment where the record shows no issue of material fact and the moving party is entitled to judgment as a matter of law. *Cordry v. Vanderbilt Mortgage & Finance, Inc.*, 445 F.3d 1106, 1109-10 (8th Cir. 2006). When examining whether there is an issue of material fact, all reasonable inferences are taken in favor of the nonmoving party. *Deal v. Consumer Programs, Inc.*, 470 F.3d 1225, 1229 (8th Cir. 2006). An issue of material fact is present where there is sufficient evidence for a jury to reasonably find for the nonmoving party. *Bass v. SBC Communications, Inc.*, 418 F.3d 870, 873 (8th Cir. 2005).

### 2.    Exhaustion

Maldonado initially argues that Hill failed to exhaust his remedies under the PLRA. This requirement appears at 42 U.S.C. § 1997e(a), which provides in relevant part,

> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

So where a prisoner fails to exhaust administrative remedies, by not lodging a grievance about an issue in accordance with prison regulations, the prisoner cannot seek relief in the federal courts. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

The record is inconsistent about Hill's efforts to exhaust his claim. Maldonado relies on a declaration by Dennis Bitz, a government attorney who reviewed the records kept at the prison hospital. Hill counters with some copies of documents he purportedly sent or received during the grievance process. Bitz discloses some documents that Hill has not, and vice versa.

According to Bitz, Hill filed a grievance on June 19, 2006, complaining that he was not adequately protected from sexual assault. This grievance was denied on July 5, 2006. In another grievance on July 13, 2006, Hill reiterated his concerns, based in part on his claim that another inmate raped him on July 3. The response, on July 18, 2006, informed Hill that his concerns were being investigated. (Exh. 2.)

Relying on his own records, Hill shows that he submitted a separate grievance on June 21, 2006, in which he requested higher dosage of psychiatric medication. This grievance was denied on July 7, 2006. (Exh. 3.) Bitz' review does not disclose the June 21 grievance.

In the following months, Hill pursued appeals of his grievances. It appears he may have conflated the issues from his June 19, June 21, and July 13 grievances, and it is not clear which appeals relate to which grievances. By a regional appeal on July 24, 2006, Hill describes both the July 3 sexual assault and the medication issue. It is in this appeal that, for the first time, Hill complains about the failure to prescribe medication as treatment for the sexual assault. (Exh. 4.)

This appeal was denied on October 11, 2006. Hill then appealed this result to the central office on November 11, 2006.[5] (Exh. 5.) And this appeal was denied on January 9, 2007. (Exh. 6.) In the meantime, on November 13, 2006, Hill filed the original complaint in this litigation.

As noted earlier, Hill's claim is founded on Maldonado's purported failure to prescribe appropriate medications after the July 3 sexual assault. Only the July 13 grievance was filed after the assault, and it evidently does not mention medication. But in his ensuing appeals, Hill consistently raised the medication issue, and this issue was addressed in the responses.

One concern here is whether exhaustion is possible if the original grievance is filed prior to the conduct a prisoner complains about in ensuing litigation. Although the Eighth Circuit has yet to answer this question, there can be only one practical outcome.

Prison officials cannot be expected to respond to prisoner concerns unless a prisoner files a grievance pursuant to prison regulations. *See Jones v. Bock*, 127 S.Ct. 910, 922-23 (2007). If a prisoner does not include an issue in the original grievance, prison regulations are violated and officials have no opportunity to respond or to solve the problem. Because Hill did not raise the medication issue in a grievance after the July 3 sexual assault, he arguably failed to exhaust his administrative remedies.

Notwithstanding this result, an exception to the general exhaustion rule requires further comment here. In accordance with the statutory language requiring exhaustion of administrative remedies "as are available," if prison officials do not follow their own administrative procedures, a claim may be deemed exhausted. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001).

---

[5] Appeal to the central office is the appeal of last resort in the grievance process. *See* 28 C.F.R. § 542.15.

Taking all reasonable inferences in Hill's favor, the record shows that during the appeals process, prison officials handled his medication claim like it was properly raised in an original grievance. Had those officials strictly followed their own procedures, they arguably should have denied the appeals for failure to raise the medication claim beforehand. *See* 28 C.F.R. §§ 542.14, 524.15.

Under a summary judgment standard of review, this Court need not decide whether the prison officials who handled Hill's appeals violated applicable procedures. It is sufficient to note that, under the circumstances, there may be an issue of material fact regarding this question. For this reason, exhaustion does not supply a sound basis for summary judgment here.

One other issue merits some additional comment. A prisoner must ordinary exhaust all administrative remedies before filing suit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Setting aside all the preceding analysis, it is immediately evident Hill began this litigation before exhausting his final appeal to the central office. Because Maldonado has not identified this issue in this motion, this exhaustion argument may be waived. *See Stanko v. Patton*, 228 Fed.Appx. 623, 626 (8th Cir. 2007).

### 3.      Deliberate Disregard

The prior discussion of exhaustion, however, becomes immaterial once the claim against Maldonado is considered on its merits. Maldonado argues that his treatment was reasonable and so the claim against him fails under the doctrine of qualified immunity.

This doctrine protects government officials who perform discretionary functions, where their conduct does not violate clearly established statutory or constitutional rights. The doctrine is often described as supplying immunity for all but "the plainly incompetent and those who

knowingly violate the law." *Ambrose v. Young*, 474 F.3d 1070, 1077 (8th Cir. 2007) (indirectly quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

To defeat summary judgment on the basis of qualified immunity, a plaintiff must show (1) violation of a constitutional right; (2) that the right is clearly established; and (3) an issue of fact whether the official knew his or her conduct violated that right. So where a plaintiff fails to show violation of a constitutional right, qualified immunity attaches, and it is not necessary to reach whether the right was clearly established or if there was a knowing violation. *Brockington v. City of Sherwood*, 503 F.3d 667, 671 (8th Cir. 2007).

The right at issue here is, under the Eighth Amendment, whether Hill received cruel and unusual punishment due to deliberate disregard of his serious medical needs. Two elements are essential to such a claim. The prisoner must demonstrate that she or he had an objectively serious medical need, and that the defendants knew of this need but deliberately disregarded it. *Plemmons v. Roberts*, 439 F.3d 818, 823 (8th Cir. 2006).

The latter element, deliberate disregard, cannot be based on a difference of opinion as to the proper course of treatment. Nor can it be based on allegations that a treating physician was negligent. *Bender v. Regier*, 385 F.3d 1133, 1137-38 (8th Cir. 2004).

The record here shows that, when Hill first arrived at the prison hospital in March 2006, Maldonado diagnosed him with depression. Maldonado prescribed an antipsychotic, seroquel; and an antidepressant, trazodone. After further psychological testing, Maldonado discontinued the seroquel in May 2006. (Exh. 7 at 1-2.)

Hill alleges he was raped on July 3. When he reported the incident the next day, another psychiatrist decided to renew the prescription for seroquel. But when Maldonado learned about

this prescription, he immediately terminated it, finding that it was not clinically indicated. (Exh. 7 at 2-3.)

The sole basis for Hill's claim is that, after he was sexually assaulted, Maldonado should have prescribed seroquel. This sort of disagreement about medication is not enough to establish deliberate disregard of serious medical needs. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 795 (8th Cir. 2006); *Vaughan v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). Hill has accordingly failed to show a violation of the Eighth Amendment here, and therefore, it is proper for summary judgment to be granted on the claim against Maldonado.

**D.     Tammy Matzke**

Tammy Matzke is a correctional officer at the prison hospital. Hill claims Ms. Matzke (Matzke) deliberately disregarded his safety because she did not protect him from the July 3 sexual assault.

In the motion to dismiss, Matzke raises only one argument. She contends that, because her conduct was reasonable under the circumstances, she should receive qualified immunity. As with Maldonado, this issue is appropriately handled under a summary judgment standard. And the previous outline of qualified immunity is equally applicable here. The analysis accordingly turns to the constitutional right at issue.

The Eighth Amendment guarantee against cruel and unusual punishment means prisoners have the right to reasonable protection from violence by other inmates. As with medical needs, two elements are essential to a reasonable protection claim. The prisoner must demonstrate that he or she faced a substantial risk of harm, and that the defendants knew about this risk but were deliberately indifferent to it. *Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004).

Matzke does not contest whether Hill faced a substantial risk of harm, and for this reason, this Court will assume Hill can show a material issue of fact on this question. Matzke instead focuses on the issue of deliberate indifference. She contends that, to the extent she knew of any risks to Hill, her conduct was reasonable.

The record offers little indication about what Matzke knew or when. Hill claims that he was sexually assaulted at the prison hospital in March and May 2006. (Exh. 8 at 4.) But in the grievances he filed in June and July 2006, he does not specify any sexual assaults from March or May. The record does not disclose whether Hill informed prison officials, or Matzke personally, about being sexually assaulted during those months. (Exh. 2 at 2-3; Exh. 9 at 2.)

Aside from this record, Hill claims that on June 30, 2006, he told Matzke that his life was in danger and another inmate was threatening to rape him. (Exh. 8 at 6.) Matzke never took any action, and she claims that Hill never informed her of this danger. (Exh. 10.) The record has no other evidence that might corroborate Hill's account of June 30.

In a qualified immunity analysis, the underlying inquiry is whether the official conduct is objectively and legally reasonable in light of clearly established law. *See Berry*, 365 F.3d at 634. As many Eighth Circuit cases observe, this reasonableness is shaped by the realities of prison, in which violent felons are in close quarters. *See Blades v. Shuetzle*, 302 F.3d 801, 803 (8th Cir. 2002).

Though Eighth Circuit cases often stress the need to examine all the circumstances, some less recent decisions hold that a single report ordinarily will not establish sufficient risk to make an official response unreasonable. At the time the rule developed, however, prisoners did not have to show that prison officials actually knew about the risk of violence. It was sufficient for a prisoner to show a "pervasive risk," based on the likelihood or frequency of violence, and then

show that the officials "should have known" about this risk. *See Mooreman v. Sargent*, 991 F.2d 472, 473 (8th Cir. 1992); *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992).

This analysis was altered by the U.S. Supreme Court decision in *Farmer v. Brennan,* 511 U.S. 825 (1994). The Court concluded that constructive knowledge—or a "should have known" standard—was not enough to establish liability of prison officials. It instead ruled that deliberate indifference, from a showing of what prison officials *actually* knew, was required before those officials could be held liable. *Id.* at 837-39, 843; *see also Jensen v. Clarke*, 73 F.3d 808, 810-11 (8th Cir. 1996).

After this change, Eighth Circuit decisions kept applying the single report rule, but in a way that was more consistent with *Farmer*. Because the deliberate indifference standard focuses on what prison officials actually know, ensuing cases conclude that knowledge of a single report is not enough. Without further indication of risk, the official response is ordinarily deemed to be reasonable for purposes of qualified immunity. *See Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998); *Burnley v. Evans*, 2007 WL 2874037 at *2 (8th Cir. Oct. 4, 2007).

This rule should not be read so narrowly that a single report will always bar relief. The critical factor is corroboration, which may be illustrated by the recent Eighth Circuit decision in *Young v. Selk*. — F.3d —, 2007 WL 4179676 (8th Cir. 2007). The court reasoned that where a prisoner reports a risk of immediate violence, and a prison official recognizes a real risk, there was sufficient evidence to overcome qualified immunity. *Id.* at *5. The court also took care to distinguish a scenario where the prisoner's conduct undermined reasonable belief in a threat. *See id.* at 5-6 (discussing *Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir. 1996)).

Even with all reasonable inferences in Hill's favor, only one piece of evidence supports a finding that Matzke knew of the risk to Hill. That is the statement Hill allegedly made to Matzke on June 30. Nothing else in the record corroborates this statement.

Under the standard for summary judgment, a court cannot weigh evidence or determine credibility. But when opposing summary judgment, a plaintiff still has the burden to present evidence supporting a claim. Hill's self-serving declaration is not enough to meet this burden and show deliberate indifference. Put another way, there is not enough evidence for reasonable jurors to find Matzke acted unreasonably, or that she was deliberately indifferent to the risk to Hill. *See Conolly v. Clark*, 457 F.3d 872, 876 (8th Cir. 2006); *Davidson & Assocs. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

Based on the current record, therefore, Matzke's purported inaction is legally reasonable for purposes of qualified immunity.[6] Summary judgment should accordingly be granted on the claim against Matzke. As this outcome fully disposes of Hill's claims, it is appropriate to grant the defendants' motion and dismiss this litigation with prejudice.

## E.    Conclusion

One other issue merits further comment. Hill has a motion to amend, but as noted earlier, the motion is not accompanied by a proposed amended complaint. And in his motion, Hill does not meaningfully explain what his amended complaint might say.

Hill's motion to amend could be denied for violation of Local Rule 15.1, which requires him to submit a proposed amended complaint with his motion. And because Hill has already had

---

[6] This conclusion is not to say that it is reasonable for prison officials to ignore a single report from a prisoner who is threatened. Prison officials should be expected to treat threats seriously. As the preceding discussion of *Young* suggests, a single report may be sufficiently corroborated that prison officials must act. But there is simply not enough evidence, in the context of the current motion, to find that Matzke had to do so.

an opportunity to respond to the defendants' motion for summary judgment, it does not appear that anything in a hypothetical amended complaint would save his claims at this point.  Because this litigation does not survive summary judgment, Hill cannot obtain relief in any case and his motion to amend is properly denied as moot.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      The defendants' motion to dismiss, or in the alternative, for summary judgment (Doc. No. 19) be **GRANTED.**

2.      Hill's motion to amend his complaint (Doc. No. 30) be **DENIED AS MOOT.**

3.      All claims in this matter be **DISMISSED WITH PREJUDICE.**

4.      This litigation be closed and judgment entered.

Dated this 18th day of January, 2008.

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 1, 2008**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  The district court judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.

**APPENDIX**

Exh. 1        Pl.'s Mem. of June 8, 2007 [Doc. No. 31].

Exh. 2        Decl. of D. Bitz, Apr. 26, 2007.

Exh. 3        Pl.'s Mem. of June 8, 2007, Exh. 1A (Resp. of July 7, 2006).

Exh. 4        Pl.'s Mem. of June 8, 2007, Exh. 1B (Appeal of July 24, 2006).

Exh. 5        Pl.'s Mem. of June 8, 2007, Exh. 1C (Appeal of Nov. 11, 2006).

Exh. 6        Pl.'s Mem. of June 8, 2007, Exh. 1C (Resp. of Jan. 9, 2007).

Exh. 7        Decl. of O. Maldonado, Mar. 13, 2007.

Exh. 8        Compl.

Exh. 9        Decl. of M. Anderson, Mar. 9, 2007.

Exh. 10      Decl. of T. Matzke, Mar. 20, 2007.